UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Wit's End Ranch Retreat LLC ) | Case No. 17-18893 JGR |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## AMENDED PLAN OF LIQUIDATION
## DATED MARCH 29, 2019

Wit's End Ranch Retreat LLC (the "Debtor" or "Wit's End"), the Debtor and Debtor-in-Possession herein, by and through Debtor's undersigned counsel hereby files pursuant to Chapter 11, Title 11 of the United States Code, the following Plan of Liquidation (the "Plan").

## ARTICLE I

## INTRODUCTION

The Debtor filed its Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on September 25, 2017 ("Petition Date") and remains a debtor in possession. The Debtor is a single member LLC which owned two investment properties in Colorado; property commonly known as 3206 Osage Street, Denver, Colorado (the "Osage Property") and property commonly known as 254 and 290 CR 500, the Wit's End Ranch, Bayfield, Colorado ("Ranch Property") and collectively ("Properties"). The Properties have been sold and the proceeds therefrom are being used to fund this Plan.

This Plan provides for the reorganization of the Debtor under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtor shall restructure its debts and obligations through the distribution of proceeds from the sale of the Properties. A more complete history of the Debtor, its operations, an explanation of this Plan, and a description of the Debtor's financial condition and activity during the bankruptcy case is contained in the Disclosure Statement which accompanies this Plan. Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

**WARNING: IF YOU ARE A CREDITOR YOUR RIGHTS MAY BE IMPAIRED BY THIS PLAN. A SEPARATE ORDER HAS ENTERED SETTING FORTH THE DEADLINE TO OBJECT AND TO VOTE TO ACCEPT OR REJECT THE PLAN THAT IS BEING SERVED UPON YOU.**

## ARTICLE II

## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estates and operating the businesses of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; (d) certain post-petition tax claims; and (e) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 503(b) of the Bankruptcy Code.

2.02 - <u>Allowed Unsecured Claim</u> shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in the cases or scheduled in the lists of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - <u>Allowed Secured Claim</u> shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent of the value (determined in accordance with § 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means Debtor's estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtor to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under §510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - <u>Claim</u> shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, natured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - <u>Class</u> shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07- <u>Class 1- 9 Claims and Interests</u> shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.09 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.10 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtor's Chapter 11 case is pending, pursuant to which this Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - <u>Debtor</u> shall mean the Debtor who is proposing this Chapter 11 Plan.

2.12 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - <u>Disputed Claim</u> means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtor's schedules filed in connection with the cases, or any Claim

3

against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - Effective Date of the Plan shall mean the date on which the Order for Confirmation is entered or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.15 - Final Order shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 - Net Sale Proceeds shall mean the net sale proceeds collected by the Debtor on account of the liquidation of the Properties being held by the Debtor.

2.17 - Interest shall mean any member or shareholder interest or any other instrument evidencing any ownership interest in the Debtor and any option, warrant or right of any nature, contractual or otherwise, to acquire a member or other ownership interest in the Debtor.

2.18 - Order of Confirmation shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.19 – Petition Date shall mean the date on which the Voluntary Petition was filed by the Debtor on September 25, 2017.

2.20 - Plan shall mean this Plan of Reorganization, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced herein or therein.

2.21 - Priority Claim means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.22 - Pro Rata shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.23 - Professional Fees means the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a professional.

2.24 - Rules shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.25 - Tax Claim means any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - Unclassified Priority Claims shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 23 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 – Unsecured Creditor Account shall mean that segregated account referenced and established pursuant to paragraph 9.2 of this Plan, into which the Debtor will deposit the Net Sale Proceeds for distribution to all Allowed Administrative Claims and then Tax Claims until paid in full and then to Class 8 general unsecured creditors, until paid in full or the proceeds of sale are exhausted. The account will be maintained at a federally insured banking institution and the account shall be maintained within the insurance limit of the institution.

2.28 - Other Definitions. Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

## ARTICLE III

## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

<u>Class 1</u> - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

<u>Class 2</u> - The Secured Claims held by 1st Creek Properties LLC ("1st Creek").

<u>Class 3</u> – The Allowed Secured Claim held by Kobota Credit Corporation.

<u>Class 4</u> – The Allowed Secured Claim of LaPlata County Treasurer.

<u>Class 5</u> – The Secured Claim of the City and County of Denver.

<u>Class 6</u> – The Secured Claim of David Christopher Wright.

<u>Class 7</u> – The Secured Claim of Wits End Guest Ranch and Resort, Inc.

<u>Class 8</u> - The Allowed Claims held by general unsecured creditors

<u>Class 9</u> - The Interest holders of the Debtor.

## ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtor covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 – The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the Allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims. Such Claims shall be paid from the Unsecured Creditor Account. Section 507(a)(2) Administrative Claims that are Allowed by the Court after the Effective Date of the Plan shall be paid from the Unsecured Creditor Account.

4.2 – The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be paid from Net Sale Proceeds

deposited into the Unsecured Creditor Account after Allowed Secured Claims and Administrative Claims are paid in full under this Plan.

4.3 - The Debtor will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until each respective case is closed, converted, or dismissed. All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

## ARTICLE V
## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS

5.1 - Allowed Class 1 Priority Claims shall be paid in full on the Effective Date. The Class 1 claims for certain pre-petition wages and employee Claims, if any, are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code. Class 1 claims are deemed unimpaired.

## ARTICLE VI
## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

6.1 – **1st Creek Properties, LLC, Class 2.** The Class 2 Secured Claim of 1st Creek has been paid in full from the proceeds from the sale of the Properties and shall not be entitled to and shall not receive a distribution under the Plan or entitled to vote on the Plan.

6.2 – **Kubota Credit Corporation, Class 3.** The Class 3 Secured Claim encumbered the personal property known as a Kubota tractor with accessories (the "Tractor"). The Class 3 Secured Claim shall be treated under this Plan as follows:

    a. The Class 3 claimant has already obtained relief from the automatic stay and the Debtor has surrendered the Tractor to the Class 3 claimant. The Class 3 claimant shall have a Class 8 Claim for any claimed deficiency amount, subject to the Debtor's right to object to such Proof of Claim, provide such Proof of Claim is filed prior to the Effective Date of the Plan. If the Class 3 claimant

fails to file a Proof of Claim prior to the Effective Date of the Plan, its Claim shall be deemed satisfied in full.

**6.3 - LaPlata County Treasurer, Class 4.** The Class 4 Secured Claim of LaPlata County Treasurer has been paid in full from the proceeds from the sale of the Ranch Property and shall not be entitled to a distribution under the Plan or entitled to vote on the Plan.

**6.4 – City and County of Denver, Class 5.** The Class 5 Secured Claim encumbered the Osage Property on account of outstanding real estate taxes. The Class 5 Secured Claim has been paid in full due to the sale of the Osage Property and the Class 5 claimant is not entitled to and shall not receive a payment under this Plan or entitled to vote on the Plan.

**6.5 – David Christopher Wright (or his successors or assigns), Class 6.** The Class 6 Secured Claim of David Christopher Wright (or his successors or assigns) has been paid in full from the proceeds from the sale of the Ranch Property and shall not be entitled to a distribution under the Plan or entitled to vote on the Plan.

**6.6 –Wits End Guest Ranch and Resort, Class 7.** The Class 7 Secured Claim is impaired by this Plan and will be treated and paid as follows:

a. The Class 7 Claim shall be treated as a Class 8 general unsecured claim on grounds there is no basis for the Class 7 Claim being treated as secured.

b. If the Class 7 claimant objects to its treatment and the Court allows the Class 7 Claim, then the Class 7 Claim shall be paid in full from the Net Sale Proceeds.

## ARTICLE VII
## SPECIFICATION AND TREATMENT OF
## UNSECURED CREDITOR CLAIMS – CLASS 8

7.1 - Class 8 consist of all general unsecured creditors of the Debtor who hold an Allowed Unsecured Claim, who shall receive payment of their Allowed Unsecured Claims as set forth below:

a. Holders of Class 8 Allowed Unsecured Claims shall share on a Pro Rata basis monies deposited into the Unsecured Creditor Account as set forth herein. As set forth in Article IV, paragraph 4.1 of this Plan, the Debtor will deposit Net Sale Proceeds into the Unsecured Creditor Account, the balance of the account will then be distributed to the holders of Allowed Administrative Claims and Tax Claims on a Pro Rata basis until such time as all holders of Allowed Administrative Claims and then Tax Claims have been paid in full. Once the holders of Allowed Administrative Claims and Tax Claims have been paid in full, the balance of the Unsecured Creditor Account will be distributed to Class 8 claimants holding Allowed Claims on a Pro Rata basis.

b. All funds recovered by the Debtor on account of Avoidance Actions shall be distributed to Allowed Administrative Claims until paid in full and then to Class 8 claimants holding Allowed Claims. Whether or not the Debtor pursues any Avoidance Actions shall be up to the Debtor and the decision to pursue such claims shall be discretionary with the Debtor.

c. Allowed Class 8 claimants shall not receive interest on their allowed unpaid claims.

## ARTICLE VIII

## SPECIFICATION AND TREATMENT OF CLASS 9 INTERESTS

8.1 - Class 9 includes the Interests in Wit's End held by the pre-confirmation interest holders. The Interests in Wit's End shall be canceled upon the completion of the Debtor's obligations under this Plan.

## ARTICLE IX

## MEANS FOR THE PLAN'S EXECUTION

9.1 – **Operation of Business**. The Debtor shall be empowered to take such action as may be necessary to perform its obligations under this Plan.

9

9.2 – **Unsecured Creditor Account.** On the Effective Date of the Plan, Debtor will open a separate interest bearing deposit account at a federally insured commercial bank selected by Debtor. The bank account will be maintained by Wit's End as the Unsecured Creditor Account into which all payments made by Debtor for the benefit of Administrative claimants, Tax Claims and Class 8 creditors will be made until the term of the Plan is completed.

9.3 – **Effectuating the Plan.** On the Effective Date of the Plan, Vincent Franco Sr. shall be appointed as the agent of Debtor pursuant to 11 U.S.C. §1142(b) for the purpose of carrying out the terms of the Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plans, including but not limited to execution of documents.

9.4 - **Disputed Claim Procedure.** Distributions to any class of creditor will only be made on account of Allowed Claims. In the event that distributions are made at a time that a Claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held by the Debtor in an interest-bearing bank account until the Claim is Allowed or disallowed. If Allowed, the Claim will be paid its appropriate share of the withheld payment. If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants of the Debtor, or if all holders of Allowed Claims have been paid in full, paid to the Debtor.

9.5 - **Claims and Litigation Bar Date and Standing.** All Claim objections and Avoidance Actions in the case must be filed by the limitation period set forth in 11 U.S.C. §546(a). The Debtor shall have standing to commence, prosecute, and settle claim objections and Avoidance Actions without need for Court approval. Debtor may retain the law firm of Wadsworth Garber Warner Conrardy, P.C., to litigate the Claim objections and Avoidance Actions on an hourly basis and/or a contingency fee basis, as it determines is reasonable and in the best interest of the estate.

9.6 - **Administrative Expense Bar Date.** All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 90 days following the Effective Date of the Plan.

9.7 - **Monthly Installments.** Whenever the Plan provides for payment in installments or a payment due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan. The Debtor shall then have a five-day grace period within which the monthly payment must be received by the payee before the Debtor shall be in default, unless a longer period is specified elsewhere in the Plan.

9.8 - **Final Decree.** The Debtor will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.9 - **Quarterly Fees.** Prior to the entry of the final decree, the Debtor shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

9.10 - **Exemption from Transfer Taxes.** Pursuant to Section 1146(c) of the Code, the issuance, transfer, or exchange of notes or equity securities under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan or the Agreements shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9.11 – **Contractual Relationship.** The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and its creditors. In the event of a default by the Debtor under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtor for breach of contract, the Plan. Any secured creditor claiming a breach of the Plan by the Debtor will be able to enforce all of its rights and remedies under its security documents, including foreclosure of its deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document. Any creditor claiming a breach by the Debtor must provide written notice to the Debtor of the claimed default, the notice must provide the Debtor a ten (10) day period within which to cure the claimed default, unless a longer period is specified elsewhere in the Plan. Upon the Debtor's failure to cure the default within such ten-day period, the creditor may proceed to exercise its rights and remedies.

# ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1 - On the Effective Date of the Plan, the Debtor does hereby reject all executory contracts and unexpired to which it is a party which has not been assumed by the Debtor. Executory contracts and unexpired leases are rejected pursuant to the provisions of 11 U.S.C. §365.

10.3 - An Order confirming this Plan constitutes approval by the Court of the rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. § 365 and the Rules.

10.4 - **Claims Arising from Rejection.** All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtor's rejection of such executory contract or unexpired lease or (ii) the Confirmation Date. Any claims not filed within such time shall be forever barred against the Debtor, its estate and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as Class 8 unsecured Claims.

# ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1 **Revestment.** On the Effective Date of the Plan all property of the estate shall revest in the Debtor free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan.

11.2 **Retention of Jurisdiction.** Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

(a) Determination of the allowability of claims upon objection to such claims by the Debtor-in-Possession or by any other party in interest;

(b) Determination of the request for payment of claims entitled to priority under 11 U.S.C. § 507(a)(2), including compensation of the parties entitled thereto;

(c) Resolution of any disputes regarding interpretation of the Plan;

(d) Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;

(e) Modification of the Plan pursuant to 11 U.S.C. § 1127;

(f) Adjudication of any causes of action, including avoiding powers actions, brought by the Debtor-in-Possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;

(g) Adjudication of any cause of action brought by the Debtor-in-Possession, Creditors Committee, by a representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtor exercising rights and powers as provided in 11 U.S.C. §§ 542-549. This section shall not be construed to limit any other power or right which the Debtor may possess under any section of the Code; and

(h) Entry of a final decree.

11.3 - **Satisfaction of Claims.** The Debtor and all other parties of interest as bound to the terms of Plan pursuant to Section 1141. Confirmation of the Plan and the occurrence of the Effective Date of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.

11.4 **Headings**. The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan

11.5 **Notices.** All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified. All communications will be deemed delivered when received at the following addresses:

    a.    To: Wit's End, LLC
c/o Vincent Franco Jr , Member-Manager
9019 Dodge Street
Northglenn, CO 80260

           With a copy to:
Aaron A. Garber
Wadsworth, Garber, Warner, Conrardy, P.C.
2580 West Main Street
Suite 200
Littleton, Colorado 80120
Fax: 303-296-760
Email: agarber@wgwc-law.com

    b.    To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, other, at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

**11.6 - Successors and Assigns.** The Plan will be binding upon the Debtor, any creditor affected by the Plan and its heirs, successors, assigns and legal representatives.

**11.7 - Unclaimed Payments.** If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within six months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

**11.8 - Committee Termination.** Any Creditors Committee appointed in the bankruptcy case shall terminate on the Effective Date.

## ARTICLE XII
## CONFIRMATION REQUEST

12.1 - The Debtor, as proponents of the Plan, request confirmation of the Plan pursuant to 11 U.S.C. § 1129. The Debtor will solicit acceptance of the Plan after its Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest. In the event the Debtor does not obtain the necessary acceptances of its Plan; it may make application to the Court for confirmation

of the Plan pursuant to 11 U.S.C. §1129(b). The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: March 29, 2019

                         WIT'S END, LLC.

                         By: *Vincent Franco Sr.*
                         Vincent Franco Sr., Member-Manager

Aaron A. Garber
Wadsworth, Garber, Warner, Conrardy, P.C.
2580 West Main Street
Suite 200
Littleton, Colorado 80120
Fax: 303-296-760
Email: agarber@wgwc-law.com

ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION